**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**CARL AUSBORNE,**

      **Plaintiff,**

**v.**                              **CIVIL ACTION NO.:** 1:19-cv-00116
                                               **(formerly Civil Action No.: 18-C-116)**

**COTTINGHAM & BUTLER CLAIM SERVICES, INC.,**

      **Defendant.**

**<u>NOTICE OF REMOVAL</u>**

Defendant Cottingham & Butler Claims Services, Inc. (hereinafter "Defendant"), hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of McDowell County, West Virginia and identified below. Defendant denies the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Defendant states the following:

**I.**      **Background and Procedural History**

1.      Plaintiff Carl Ausborne (hereinafter "Plaintiff") commenced this action in the Circuit Court of McDowell County, West Virginia, Civil Action No. 18-C-116 against Defendant on or about October 19, 2018, and amended his complaint on January 15, 2019. *See* Pleadings filed to date*,* **Exhibit A**; *see also* Docket Sheet, attached hereto as **Exhibit B**.

2.      The action stems from the denial of workers' compensation benefits for an occupational injury Plaintiff allegedly sustained on or about September 9, 2015. *See* Compl. ¶ 22.

## II.    Timeliness of Removal

3.      On January 16, 2019, the West Virginia Secretary of State, as statutory agent, accepted service on behalf of Defendant.  A copy of the Summons and Complaint was received by Defendant at its principle place of business in Dubueque, Iowa on January 22, 2019.  *See* Iowa Business Details for Cottingham & Butler Claims Services, Inc., attached hereto as **Exhibit C**; *see also* West Virginia Secretary of State Service of Process Details, attached hereto as **Exhibit D**. This Notice of Removal is filed within thirty (30) days of that date and, therefore, is timely under 28 U.S.C. § 1446(b).

4.      Pursuant to the provisions of 28 U.S.C. § 1446, this action is being removed less than one (1) year after commencement of the action.

## III.    Venue

5.      Venue of this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.  This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## IV.    Notice to State Court

6.      In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Defendant has given written notice to Plaintiff and the Circuit Court of McDowell County, West Virginia of the removal.  *See* Notice to State Court, attached hereto as **Exhibit E**.

4826-4468-5704, v. 1

V.     **Statutory Basis for Jurisdiction – Diversity**

7.     This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a).  This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

a.     **Citizenship of the Parties**

8.     According to the Complaint, Plaintiff is a citizen and resident of McDowell County, West Virginia.  *See* Compl. ¶ 1.

9.     Defendant is an Iowa corporation.  *See id.* at ¶ 2; *see also* **Exhibit C**.   For purposes of diversity jurisdiction, a corporation is considered a citizen of the State in which it is incorporated and the State in which its principal place of business is located.  *See* 28 U.S.C. § 1332(c).

10.     Accordingly, Plaintiff is a citizen of West Virginia, and Defendant is a citizen of Iowa.  Complete diversity of citizenship exists under 28 U.S.C. § 1332.

b.     **Amount in Controversy**

11.     The amount in controversy in this action, exclusive of interest and costs, is in excess of the Seventy-Five Thousand Dollar ($75,000) jurisdictional minimum.

12.     Plaintiff, in his Complaint, asserts allegations of fraud and bad faith, as a result of the alleged mishandling of his workers' compensation claim by Defendant.  *See generally* Compl. Plaintiff specifically alleges that Defendant's "fraudulent misrepresentations concerning [Plaintiff's] workers' compensation claim and knowingly and intentionally reliance [*sic*] upon information that [Defendant] knew to be false resulted in fraudulent acts by [Defendant] which were substantial, outrageous, and reprehensible[.]"  *Id.* at ¶ 58.

13.     Plaintiff, based upon these allegations, is seeking unspecified damages relating to "mental pain and suffering, emotional distress, mental anguish, indignity, embarrassment, humiliation, aggravation, annoyance and inconvenience." Plaintiff also seeks to recover attorneys' fees and punitive damages.  *See* Compl. ¶ 61.

14.     It is well established that "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Polo Greene Ltd. P'ship v. Wentwood Capital Advisors, Ltd. P'ship*, Civil Action No. 3:04CV118, 2005 U.S. Dist. LEXIS 33986, at *10 (N.D. W. Va. Sep. 8, 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Therefore, "[t]he jurisdictional inquiry takes place as of the time of the commencement of the action." *Id.* (citing *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)).

15.     According to the United States Court of Appeals for the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).  If the removing party establishes, by a preponderance of the evidence, that an excess of Seventy-Five Thousand Dollar ($75,000) is in controversy, a district court must exercise its jurisdiction.  *See Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"); *see also Scaralto v. Ferrell*, 826 F.Supp.2d 960, 962 (S.D. W. Va. 2011).

16.     In cases involving unspecified damages, such as the case at bar, the District Court should consider the Complaint and the "[t]ype and extent of the [P]laintiff's injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate."

*Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D. W. Va. 1999) (citing *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997)).

17.     Plaintiff, as stated above, has made a claim for emotional damages.  *See* Compl. ¶ 61.  Claims for emotional damages, standing alone, would be sufficient to satisfy the Seventy-Five Thousand Dollar ($75,000.00) amount in controversy requirement.  *See Weddington*, 59 F. Supp. 2d at 584 (finding the $75,000 amount in controversy requirement was satisfied when plaintiffs, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience, and humiliation damages).  Such damages "may be recovered as parasitic elements of damage accompanying a cognizable physical injury, personal injury, or damage to property[.]"  *Henley v. FMC Corp.*, 20 F. Supp. 2d 974, 977 (S.D. W. Va. 1998); *see Persinger v. Peabody Coal Co.*, 474 S.E.2d 887 (W.Va. 1996) (finding damages for annoyance and inconvenience properly included in compensatory damages awarded to plaintiff).

18.     Plaintiff has also claimed punitive damages.  *See* Compl. ¶ 61.  Though Defendant denies the appropriateness of punitive damages here, it is well-established that punitive damages may be considered in determining the amount in controversy.  *See, e.g., Weddington*, 59 F. Supp. 2d at 584; *see also Mullins*, 861 F. Supp. at 24 (jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience).  If Plaintiff is successful on his punitive damages claim, when added to Plaintiff's claim for compensatory damages including aggravation and annoyance, Plaintiff likely exceeds the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional amount, as courts in West Virginia have let stand punitive damages awards substantially in excess of compensatory damages recovered in the same case.  *See Mullins*, 861 F. Supp. at 24 (citing *TXO*

*Production Corp. v. Alliance Resources Group*, 419 S.E.2d 870 (W.Va. 1992), *aff'd*, 509 U.S. 443, (1993); *see also Hinerman v. Daily Gazette Co., Inc.*, 423 S.E.2d 560 (W.Va. 1992)).

19.     As to Plaintiff's claim for attorneys' fees, the fees alone will likely surpass the amount in controversy requirement.  As such, the Court must consider Plaintiff's claim for attorneys' fees in determining the amount in controversy.  *See Mullins*, 861 F. Supp. at 24 (considering attorneys' fees as a part of the amount in controversy analysis).

20.     Based on the allegations in the Complaint and the type of damages that Plaintiff seeks to recover, Plaintiff sufficiently has alleged damages in excess of Seventy-Five Thousand Dollar ($75,000.00).  As such, the jurisdictional amount is satisfied for purposes of discovery jurisdiction.

WHEREFORE, Cottingham & Butler Claims Services, Inc., hereby removes the above-captioned action from the Circuit Court of McDowell County, West Virginia and requests that further proceedings be conducted in this Court as provided by law.


Respectfully submitted,


**COTTINGHAM & BUTLER CLAIMS SERVICES, INC.,**
**By Counsel,**


/s/ Lee Murray Hall
Lee Murray Hall, Esq. (WVSB #6447)
Steven K. Wellman, Esq. (WVSB #7808)
Sarah A. Walling, Esq. (WVSB #11407)
JENKINS FENSTERMAKER, PLLC
325 8th Street;
P.O. Box 2688 (25726)
Huntington, WV 25701
Telephone: 304-532-2100

4826-4468-5704, v. 1

Facsimile: 304-523-2347
Email: lmh@JenkinsFenstermaker.com
skw@JenkinsFenstermaker.com
saw@JenkinsFenstermaker.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**CARL AUSBORNE,**

      **Plaintiff,**

**v.**                          **CIVIL ACTION NO.:** 1:19-cv-00116
                                           **(formerly Civil Action No.: 18-C-116)**

**COTTINGHAM & BUTLER CLAIM SERVICES, INC.,**

      **Defendant.**

I, Lee Murray Hall, Counsel for Defendant Cottingham & Butler Claim Services, Inc., hereby certify that I electronically filed the ***Notice of Removal*** by using the CM/ECF system. A copy of the foregoing was sent to the following counsel via U.S. Mail, postage prepaid, in an envelope addressed to the following counsel of record on this 14th day of February, 2019:

Jerome J. McFadden, Esq.
Law Office of Jerome J. McFadden, PLLC
214 South Walker Street
Princeton, WV 24740
*Counsel for Plaintiff*

                                      /s/ Lee Murray Hall
                                      Lee Murray Hall, Esq. (WVSB #6447)
                                      Steven K. Wellman, Esq. (WVSB #7808)
                                      Sarah A. Walling, Esq. (WVSB #11407)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV 25726-2688

8

4826-4468-5704, v. 1