# EXHIBIT A

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

CARL AUSBORNE ,
       Plaintiff,

v.
                        CIVIL ACTION NO. 18-C-116

COTTINGHAM & BUTLER CLAIMS SERVICES, INC.
       Defendants.

**SUMMONS**

To the above-named Defendant:

**COTTINGHAM & BUTLER CLAIMS SERVICES, INC.**
**800 Main Street**
**Dubuque, IA 52001**
**Timothy L. Berns Registered Agent**

       **IN THE NAME OF THE STATE OF WEST VIRGINIA**, you are hereby summoned and required to serve upon THE LAW OFFICES OF JEROME J. MCFADDEN, PLLC, plaintiff's attorney, whose address is 214 South Walker Street, Princeton, West Virginia 24740, an answer, including any related counterclaim you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED this _19_ day of _October_ , 2018.

                                    Francine Spencer
                                    Clerk of the Circuit Court
                                    Of McDowell County

                    BY: _____
                                 **DEPUTY**

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

CARL AUSBORNE,
      Plaintiff,

v.                             Civil Action No. _18-C-116_

COTTINGHAM & BUTLER CLAIMS
SERVICES, INC.
        Defendant.

## COMPLAINT

1.    The plaintiff, Carl Ausborne, is a citizen and resident of McDowell County, West Virginia.

2.    Cottingham & Butler Claims Services, Inc. is an Iowa corporation .

3.    Mr. Carl Ausborne worked as an underground coal miner for MC Enterprises Inc. which is an underground coal mining operation located in McDowell County West Virginia.

4.    While working as an underground coal miner on September 9, 2015, for MC Enterprises Inc. Mr. Ausborne was moving/ lifting belt structure when he felt a strain in his right thigh and a pop that felt like bees stinging. Mr. Ausborne  examined his leg after his shift and noticed a varicose vein sticking out on his right thigh and swelling of his right thigh.

1

5.      Mr. Ausborne sought treatment on September 9, 2015 at Welch
        Community Hospital for his work related injury. Mr. Ausborne described
        a vein which had "blown up" in his right leg. He was diagnosed with a
        large varicose veins in his right thigh.

6.      Mr. Ausborne sought treatment for his work-related right thigh varicose
        vein injury at Welch Community Hospital on September 9, 2015,
        September 15, 2015, September 24, 2015 and October 7, 2015. On
        September 15, 2015 he was placed on light duty while waiting for a
        referral to a vascular surgeon regarding his work-related injury. No light
        duty was available with his employer an underground coal operator and
        therefore Mr. Ausborne stopped work.

7.      Mr. Ausborne filed a West Virginia Workers' Compensation claim
        application which was signed by Mr. Ausborne on September 21, 2015 and
        by his treating medical professional at Welch Community Hospital on
        September 22, 2015.

8.      Mr. Ausborne's  West Virginia Workers' Compensation claim application

noted that Mr. Ausborne's felt a pop in his right leg while moving belt

structure while working as an underground coal miner on September 9,

2015. The claim application noted that Mr. Ausborne had suffered a

occupational injury on September 9, 2015. The occupational injury was

noted as varicose veins in Mr. Ausborne's right leg. The application

contained no other diagnosis or claim of injury. The application also noted

a referral to a vascular surgeon for treatment of the work-related

condition.

9.      In response to Mr. Ausborne's application for West Virginia workers'

compensation benefits the third-party administrator for the employer MC

Enterprises Inc,  TRISTAR Risk Management, Inc. issued an order dated

December 9, 2015 which stated in part that "Your application for benefits

filed in the above-captioned claim is approved. We have determined that

your injury occurred in the course of and as a result of covered

employment."

10.     Mr. Ausborne's West Virginia Workers' Compensation claim was

3

assigned Claim Number: 1850281694 and date of loss\date of injury: 9-9-2015 by the third-party administrator TRISTAR Risk Management, Inc.

11.     TRISTAR Risk Management, Inc's authorized treatment for  Mr. Ausborne's varicose vein injury of September 9, 2015 in the form of a right venous duplex and a stab phlebectomy, a surgical procedure requested by Dr. Herbert Oye to repair the varicose vein in separate claim orders both dated December 9, 2015.

12.     TRISTAR Risk Management, Inc's paid for regular medical treatment for Mr. Ausborne's varicose vein injury of September 9, 2015 with Dr. Herbert Oye a vascular specialist.

13.     TRISTAR Risk Management, Inc paid for ongoing medical treatment for Mr. Ausborne's varicose vein injury of September 9, 2015 at Welch Community Hospital on September 15, 2015, September 24, 2015 and October 7, 2015.

14.     TRISTAR Risk Management, Inc paid temporary total disability benefits

4

for Mr. Ausborne's varicose vein injury of September 9, 2015 from

September 15, 2015 through July 25, 2016.

15.     On July 25, 2016 Cottingham & Butler Claims Services, Inc.(CBCS),

became the successor third-party claims administrator for  MC Enterprises

Inc. handling the workers' compensation claim of Carl Ausborne.

16.     Cottingham & Butler Claims Services, Inc.(CBCS) paid temporary total

disability benefits from July 25, 2016 through October 17, 2016 based upon

the workers' compensation claim application filed by Carl Ausborne

contending that he had suffered a varicose vein injury on September 9,

2015.

17.     Cottingham & Butler Claims Services, Inc.(CBCS) was bound by claim

decisions which were issued by its predecessor third-party claims

administrator TRISTAR Risk Management, Inc. More specifically, the

defendant here was bound by final claim decisions which had not been

protested within 60 days under West Virginia Code §23-5-1(b)(1).

The defendant is also bound by prior final claim decisions under the law

of the case doctrine which is applicable to administrative proceedings in

West Virginia workers' compensation claims. See *Belcher v. A T Massey*

*Coal Co.* (W. Va., 2014)No. 12-1083.

18.    Mr. Ausborne filed a West Virginia Workers' Compensation claim

application which was signed by Mr. Ausborne on September 21, 2015 and

by his treating medical professional at Welch Community Hospital on

September 22, 2015. The claim application filing is mandated and required

by statutory law. The claim application contended only that Mr. Ausborne

suffered an occupational injury involving varicose veins in his right leg

while moving belt structure at work as an underground coal miner. The

application contained no other allegations of injury. In response to Mr.

Ausborne's application for West Virginia workers' compensation benefits

the third-party administrator for the employer MC Enterprises Inc,

TRISTAR Risk Management, Inc. issued an order dated December 9, 2015

which stated in part that "Your application for benefits filed in the above-

captioned claim is approved. We have determined that your injury

occurred in the course of and as a result of covered employment." The

claim order of December 9, 2015 which approved the claim application

filed and ruled the case compensable was not appealed by either party

and is a final binding order in this matter. TRISTAR Risk Management,

Inc. also authorized a right venous duplex(as a part of the compensability

order) and a stab phlebectomy, a surgical procedure requested by Dr.

Herbert Oye to repair the varicose vein injury in separate claim order

dated December 9, 2015. Neither claims order referenced in this paragraph

was appealed and both claims orders are final and binding decisions in

Mr. Ausborne's claim.

19.    The binding claim decisions referenced in paragraph No. 18 approved as

compensable a claim application that **only** contended that the claimant

suffered a occupational injury involving varicose veins in his right leg on

September 9, 2015 and authorized treatment for the varicose vein injury in

the form of a right venous duplex and a stab phlebectomy(in a separate

order of the same date, September 9, 2015 ) as a surgical procedure to

treat the occupational varicose vein injury. Given these final binding claim

decisions, the defendant's contention that Mr. Ausborne suffered only a

Right ankle/foot sprain/strain injury or a right ankle sprain as set forth in

the defendant's claims decisions of October 21, 2016 and March 8, 2017

were not merely wrong but were legally and factually impossible and

legally impermissible. The defendant's claims decisions of October 21,

2016 and March 8, 2017 were based upon a knowingly false premise and

were fraudulent. The defendant Cottingham & Butler Claims Services,

Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa

Bahrami knew that it's claims orders of October 21, 2016 and March 8,

2017 were false and fraudulent and that the evidence submitted by them

to the Office of Judges in litigation regarding the claims orders was false

and fraudulent more specifically the report by Dr. Syam Stoll with a date

of service of September 26, 2015 and Dr. Prasadarao Mukkamala's report

dated January 3, 2018

20.     One cannot accept the factual and legal premise in the binding claim

decisions of September 9, 2015 referenced here (ruling the claim

application which only alleged a varicose vein occupational injury in the

right leg compensable and the claim order authorizing medical treatment

and surgery for the occupational varicose vein injury) and also the

contention urged by the defendant in Mr. Ausborne's workers'

8

compensation claim   in terms of the scope of the injury ie. that  Mr.

Ausborne only suffered a Right ankle/foot sprain/strain injury or a right

ankle sprain. The defendant's representations here were false and

fraudulent.

21.    Because the defendant's arguments regarding the scope of the injury were

precluded by the binding effect of prior claims decisions as set forth in

paragraphs No. 18-20 the defendant rather than give up turned to the only

other option available to proceed which was fraud or in other words a

knowing and deliberate misrepresentation of the truth and concealment of

material facts.

22.    Cottingham & Butler Claims Services, Inc.(CBCS) engaged in a fraudulent

scheme to deny workers' compensation benefits which were rightfully

due and owing to Carl Ausborne in his West Virginia workers'

compensation claim, date of injury September 9, 2015, Claim No.

1850281694. The acts claimed to be fraudulent in this complaint are the

acts of the defendant Cottingham & Butler Claims Services, Inc.(CBCS),

the fraudulent acts set forth in this complaint were material and false and

Carl Ausborne suffered damages as a result of the defendant's fraudulent

acts in the form of denials of temporary total disability benefits, medical

treatment and permanent partial disability benefits as well as lengthy

delays in the payment such benefits after being forced to litigate the

defendant's fraudulent claims and contentions. Carl Ausborne was left

unable to work as a result of his compensable injuries and as a result of

the defendant's fraudulent conduct he was without any income

replacement or benefits otherwise properly due in a workers'

compensation claim or any compensated medical treatment for his

compensable injuries for more than a year. As a result of the defendant's

fraudulent conduct the plaintiff and his family were left in near destitute

conditions, unable to consistently pay utilities, pay for gas/ transportation

and absent charitable contributions were unable to pay for food.  The

defendant submitted fraudulent evidence to the Office of Judges in

support of their fraudulent denial of temporary total disability benefits,

permanent partial disability benefits and medical benefits set forth in their

claims orders of October 21, 2016 and March 8, 2017.  This evidence

included reports of Dr. Stoll and Dr. Mukkamala which are referenced

and described in more detail in this complaint. The defendant sought and

10

intended the reliance upon their false and fraudulent evidence by their

own claims representative Lisa Bahrami and by the West Virginia

Workers' Compensation Office of Judges.

23.     In a claims order dated October 21, 2016 Cottingham & Butler Claims

Services, Inc.(CBCS) suspended temporary total disability benefits and

awarded no permanent partial disability benefits in Carl Ausborne's

workers compensation claim. The denial of benefits was based upon a

medical report from Dr. Syam Stoll who had examined Mr. Ausborne at

the direction of  Cottingham & Butler Claims Services, Inc.(CBCS) on

September 26, 2016.

24.     Dr. Stoll's report , was undated but based upon an exam of  the plaintiff of

September 26, 2016 and a review of limited number of records provided

by Cottingham & Butler Claims Services, Inc.(CBCS). The report,

contended that the accepted compensable diagnosis in the claim was a

Right ankle/foot sprain/strain injury. On this basis Dr. Stoll concluded that

Mr. Ausborne had reached his maximum degree of medical improvement

and was entitled to no permanent partial disability regarding the alleged

11

Right ankle/foot sprain/strain injury and was entitled to no additional
medical treatment.

25.  More specifically, Dr. Stoll's report observed that the claimant was
entitled to no additional temporary total disability benefits noting in part
that "Yes, in my medical opinion the claimant is at maximum medical
improvement (MMI) for the accepted compensable diagnosis in this claim
which is that Right ankle\foot sprain\strain injury." Dr. Stoll indicated
that his permanent partial disability exam only addressed the alleged
Right ankle\foot sprain\strain injury. "I have consulted the AMA Guides
to the Evaluation of Permanent Impairment 4th Edition to formulate an
impairment for the following compensable injuries in this claim: Right
ankle and foot sprain/strain injury." Dr. Stoll noted that no permanent
partial disability benefits were due the claimant based on the purported
Right ankle\foot sprain\strain injury observing that "In summary the
claimant is awarded 0% WPI for the compensable injuries in this claim
from 9/09/2015. Therefore, it is my medical opinion that the claimant did
not sustain any permanent impairment in regards to the accepted
compensable diagnosis in this claim." Dr. Stoll observed that the claimant

was "well outside the rule 20 treatment guidelines" for foot and ankle injuries and therefore was entitled to no additional medical treatment. In commenting on the claimant's ability to return to work Dr. Stoll noted "yes, in my medical opinion the claimant is at MMI and can return to full duty in regards to the right ankle foot sprain\strain injury he sustained on 9/12/2015."

26.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa Bahrami were aware both before and after Dr. Stoll's report and exam of September 26, 2016 that Dr. Stoll's representations that a Right ankle/foot sprain/strain injury was the accepted compensable diagnosis in the claim were false.

27.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa Bahrami were aware before October 21, 2016 that no claims order was ever entered in the workers' compensation claim at any point before Dr. Stoll's examination of September 26, 2016 which accepted a Right ankle/foot sprain/strain injury as a or the compensable diagnosis in the claim.

28.     Cottingham & Butler Claims Services, Inc.(CBCS)  and more specifically its

        Sr. Casualty Claims Specialist Lisa Bahrami were  aware  before October

        21, 2016 that no treating physician in the workers' compensation claim

        ever requested that a diagnosis of a Right ankle / foot sprain/strain injury

        be added as a compensable or accepted condition in the claim.


29.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

        Sr. Casualty Claims Specialist Lisa Bahrami were aware  before October

        21, 2016  that the workers' compensation claim application filed by Mr.

        Ausborne, which was approved and ruled compensable in claims order

        dated December 9, 2015 by TRISTAR Risk Management, Inc.,  did not

        contend that he had suffered a Right ankle / foot sprain/strain injury but

        only contended that he had an occupational injury involving varicose

        veins in his right leg.

30.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

        Sr. Casualty Claims Specialist Lisa Bahrami were aware  before October

        21, 2016 that the plaintiff Carl Ausborne never claimed that he had

        suffered a Right ankle / foot sprain/strain injury on September 9, 2015.


14

31.    Cottingham & Butler Claims Services, Inc.(CBCS) was aware before

October 21, 2016 that TRISTAR Risk Management, Inc had authorized

treatment for the Mr. Ausborne's varicose vein injury of September 9, 2015

in the form of a right venous duplex and a stab phlebectomy, a surgical

procedure requested by Dr. Herbert Oye to repair the varicose vein in

separate claim orders both dated December 9, 2015.  Cottingham & Butler

Claims Services, Inc.(CBCS) therefore was  plainly and obviously aware

that the Right ankle / foot sprain/strain injury could not be the only

accepted compensable diagnosis in the claim and indeed was not a

accepted compensable diagnosis at all. The medical treatment at issue here

including the right venous duplex and a stab phlebectomy would only be

authorized and could only be authorized pursuant to W. Va. Code

§23-4-3(a)(1) if the occupational injury involving varicose veins set forth in

the approved claim application filed by Mr. Ausborne  had been deemed

to be compensable.

32.    Cottingham & Butler Claims Services, Inc.'s(CBCS) fraudulent scheme to

deny Carl Ausborne workers' compensation benefits that he was

15

rightfully due was straightforward: the defendant created a strawman by

falsely and fraudulently claiming that Carl Ausborne suffered a

compensable injury (Right ankle/foot sprain/strain injury) which never

occurred and which Carl Ausborne never contended occurred.The

defendant created and relied upon false and fraudulent evidence from Dr.

Stoll which alleged Mr. Ausborne  had only suffered an accepted

compensable injury involving a (Right ankle/foot sprain/strain injury). The

injury (Right ankle/foot sprain/strain injury) was never an accepted

compensable condition in the claim and that alleged injury never

occurred. An injury which never occurred (Right ankle/foot sprain/strain

injury) necessarily would result in no medical findings and in no benefits

being due to Mr. Ausborne.


33.   The plaintiff avers that Cottingham & Butler Claims Services, Inc.'s(CBCS)

fraudulently withheld documents from Dr. Stoll. More specifically,

according to Dr. Stoll's report he was not provided with a copy of

TRISTAR Risk Management, Inc.  order dated December 9, 2015 which

held Mr. Ausborne's workers compensation claim compensable in

response to a claim application which only alleged an occupational injury

16

involving varicose veins to Mr. Ausborne's right leg.

34.     The plaintiff avers that Cottingham & Butler Claims Services,

Inc.'s(CBCS) fraudulently withheld additional documents from Dr. Stoll.

More specifically, according to Dr. Stoll's report he was not provided with

a copy of TRISTAR Risk Management, Inc. claim order dated December 9,

2015 which authorized a stab phlebectomy, a surgical procedure requested

by Dr. Herbert Oye to repair the varicose vein injury that had been injured

on September 9, 2015.

35.     TRISTAR Risk Management, Inc.'s claim order of December 9, 2015 which

authorized a stab phlebectomy to treat the claimant's varicose vein injury

could only have been authorized by the third-party claims administrator

after the varicose vein injury of September 9, 2015  had been accepted as

compensable in Mr. Ausborne's workers compensation claim pursuant to

W. Va. Code §23-4-3(a)(1).

36.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami issued a claims order dated

17

March 8, 2017 which continued to maintain that the claim was held

compensable for a right ankle strain.  Cottingham & Butler Claims

Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims

Specialist Lisa Bahrami knew that the representations made in the March

8, 2017 claims order referenced above were false.

37.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 was issued  that: no claims order was ever

entered in the workers' compensation claim at any point before Dr. Stoll's

examination of September 26, 2016 which accepted a Right ankle/foot

sprain/strain injury or a right ankle strain as a or the compensable

diagnosis in the claim.

38.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 was issued that TRISTAR Risk

18

Management, Inc had authorized treatment for the Mr. Ausborne's

varicose vein injury of September 9, 2015 in the form of a right venous

duplex and a stab phlebectomy, a surgical procedure requested by Dr.

Herbert Oye to repair the varicose vein in separate claim orders both

dated December 9, 2015.  Cottingham & Butler Claims Services,

Inc.(CBCS) and its Sr. Casualty Claims Specialist Lisa Bahrami  therefore

were plainly and obviously aware that the Right ankle / foot sprain/strain

injury or right ankle sprain referenced in the March 8, 2017 claims order

could not be the only accepted compensable diagnosis in the claim and

indeed was not an accepted compensable diagnosis at all. The medical

treatment at issue here including the right venous duplex and a stab

phlebectomy would only be authorized and could only be authorized

pursuant to W. Va. Code §23-4-3(a)(1) if the occupational injury involving

varicose veins set forth in the approved claim application filed by Mr.

Ausborne  had been deemed to be compensable.


39.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

        Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

        claims order of March 8, 2017 that no treating physician in the workers'

compensation claim ever requested that a diagnosis of Right ankle / foot sprain/strain injury or right ankle sprain be added as a compensable or accepted condition in the claim.

40.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the claims order of March 8, 2017 that the workers' compensation claim application filed by Mr. Ausborne, which was approved and ruled compensable in claims order dated December 9, 2015 by TRISTAR Risk Management, Inc., did not contend that he had suffered a Right ankle / foot sprain/strain injury or a right ankle strain but only contended that he had an occupational injury involving varicose veins in his right leg.

41.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the claims order of March 8, 2017 that that the plaintiff Carl Ausborne never claimed that he had suffered a Right ankle / foot sprain/strain injury or right ankle strain on September 9, 2015.

42.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 that  TRISTAR Risk Management, Inc had

authorized treatment for the Mr. Ausborne's varicose vein injury of

September 9, 2015 in the form of a right venous duplex and a stab

phlebectomy, a surgical procedure requested by Dr. Herbert Oye to repair

the varicose vein in separate claim orders both dated December 9, 2015.

Cottingham & Butler Claims Services, Inc.(CBCS) and  its Sr. Casualty

Claims Specialist Lisa Bahrami  therefore were plainly and obviously

aware that the Right ankle / foot sprain/strain injury or right ankle strain

could not be the only accepted compensable diagnosis in the claim and

indeed was not a accepted compensable diagnosis at all. The medical

treatment at issue here including the right venous duplex and a stab

phlebectomy would only be authorized and could only be authorized

pursuant to W. Va. Code §23-4-3(a)(1) if the occupational injury involving

varicose veins set forth in the approved claim application filed by Mr.

Ausborne  had been deemed to be compensable.

43.     On January 3, 2018 Cottingham & Butler Claims Services, Inc.(CBCS)

engaged in fraudulent conduct by submitted a report from Dr. Prasadarao

Mukkamala dated January 3, 2018 to the West Virginia Office of Judges

regarding a claimant's protest to the claims order dated October 21, 2016

which granted a 0% permanent partial disability. The report was also

submitted in support of a claims order dated March 8, 2017 which denied

updated medical conditions in the claim which included a diagnosis of

varicose veins of the right leg with inflammation. The claimant protested

both orders.


44.     Dr. Prasadarao Mukkamala's report of January 3, 2018 contended that

"The description of that incident indicates that there was no isolated

fortuitous event that could even be listed as an injury". The report

indicated that the varicose veins were pre-existing and that there was no

compensable injury. The report noted that,"... As it relates to varicose

veins there was no occupational injury.."


45.     Cottingham & Butler Claims Services, Inc.(CBCS) fraudulently submitted

22

Dr. Prasadarao Mukkamala report of January 3, 2018 to the West Virginia Office of Judges with the understanding that it was false and that its submission was designed to deny Carl Ausborne workers' compensation benefits that he otherwise properly entitled to.

46.     Cottingham & Butler Claims Services, Inc.(CBCS) was aware that Dr. Prasadarao Mukkamala report of January 3, 2018 contended that "The description of that incident indicates that there was no isolated fortuitous event that could even be listed as an injury" was false.


47.     Cottingham & Butler Claims Services, Inc.(CBCS) was aware at the time of the submission of Dr. Mukkamala's report that Carl Ausborne workers' compensation claim had already been ruled compensable . The defendant was aware that  TRISTAR Risk Management, Inc. issued an order dated December 9, 2015 which stated in part that "Your application for benefits filed in the above-captioned claim is approved. We have determined that your injury occurred in the course of and as a result of covered employment.". The December 9, 2015 claims order was never protested, withdrawn or amended and it remained a valid binding order in the case both before and after the submission of Dr. Mukkamala's report to the

West Virginia Office of Judges on January 3, 2018.

48. The plaintiff avers that the claims order of December 9, 2015 holding the claim compensable was fraudulently withheld from Dr. Mukkamala by the defendant Cottingham & Butler Claims Services, Inc.(CBCS). The defendant knew that they had failed to provide the order of December 9, 2015 and knew that Dr. Mukkamala was making representations in his January 3, 2018 report about the claim being non-compensable as a result of allegations that there had been no definite isolated fortuitous occurrence which were false, fraudulent, untenable, improper and given the law of the case were legally impermissible.

49. The plaintiff avers that the complete claim application, including the completed portion of section 2 of the form was fraudulently withheld from Dr. Mukkamala by the defendant Cottingham & Butler Claims Services, Inc.(CBCS). The defendant knew that they had failed to provide this information and that Dr. Mukkamala was making representations in his January 3, 2018 report which were false. In fact, the fully completed claim application was in the defendant's possession before the drafting

24

and submission of Dr. Mukkamala's report of January 3, 2018. Cottingham & Butler Claims Services, Inc.(CBCS) knew that a fully completed claim application which contained only the allegation that the claimant had suffered a varicose vein injury as a result of his work-related injury September 9, 2015 had already been ruled compensable in a claims order dated, December 9, 2015 By TRISTAR Risk Management, Inc. the prior third-party claims administrator in the case.

50.    Cottingham & Butler Claims Services, Inc.(CBCS) directed Carl Ausborne to attend a medical exam with Dr. Syam B. Stoll on September 26, 2016 in his West Virginia Worker's Compensation claim.

51.    Whether Dr. Stoll and Dr. Mukkamala were misled by documents which were withheld by the defendant or otherwise misled by the defendant or whether the physicians were willing to offer false evidence irrespective of what documents or information they received is unknown. However, the plaintiff avers that the defendant knew that reports produced by Dr. Stoll and Dr. Mukkamala in this matter were false irrespective of the

physician's knowledge or motives.

52.   Cottingham & Butler Claims Services, Inc.(CBCS) actions in submitting Dr.
Mukkamala's report of January 3, 2018 to the West Virginia Office of
Judges were fraudulent.  Cottingham & Butler Claims Services, Inc.(CBCS)
knew that a claim application which contained only the allegation that the
claimant had suffered a varicose vein injury as a result of his work-related
injury September 9, 2015 had already been ruled compensable in a claims
order dated,  December 9, 2015  By  TRISTAR Risk Management, Inc. the
prior third-party claims administrator in the case. The claims order of
December 9, 2015 had never been protested, withdrawn or corrected and
remained the law of the case. Cottingham & Butler Claims Services,
Inc.(CBCS) efforts to reargue the compensability of the claim application
in this matter was false and fraudulent.

53.   The defendant's actions as described in this complaint were willfull,
wanton, undertaken with malice, or other like aggravation in the wrongs
directed at the plaintiff and would warrant the imposition of punitive
damages.

26

65.   As a direct and proximate result of the fraudulent acts of Cottingham &
      Butler Claims Services, Inc.(CBCS) the plaintiff has suffered damages
      including:

- mental pain and suffering, emotional distress, mental anguish, indignity,
  embarrassment, humiliation, aggravation, annoyance and inconvenience,

- attorneys fees,

- punitive damages.

Wherefore, the plaintiff demands judgment against the defendant in an amount that

will fully and fairly compensate him for the losses incurred in this matter.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

CARL AUSBORNE, Plaintiff,

BY COUNSEL:

JEROME J. MCFADDEN, Esquire
WV State Bar ID No.: 4608
LAW OFFICES OF JEROME MCFADDEN, PLLC
214 South Walker Street
Princeton, West Virginia 24740
Telephone: (304) 425-7770

27

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 4582 53

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
          886-767-8683
**Visit us online:**
www.wvsos.com

COTTINGHAM & BUTLER CLAIMS SERVICES, INC.
TIMOTHY L. BERNS, REGISTERED AGENT
800 MAIN STREET
DUBUQUE, IA 52001

| | | |
|---|---|---|
| **Control Number:** 232572 | **Agent:** | TIMOTHY L. BERNS, REGISTERED AGENT |
| **Defendant:** COTTINGHAM & BUTLER CLAIMS SERVICES, INC. 800 MAIN STREET DUBUQUE, IA 52001 US | **County:** | McDowell |
| | **Civil Action:** | 18-C-116 |
| | **Certified Number:** | 92148901125134100002458253 |
| | **Service Date:** | 1/16/2019 |

I am enclosing:

   1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint, 1 summons
   and amended complaint

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process  in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact.  Please address any
questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the
Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

CARL AUSBORNE ,
      Plaintiff,

v.                                CIVIL ACTION NO. 18-C-116

COTTINGHAM & BUTLER CLAIMS SERVICES, INC.
      Defendants.

### SUMMONS

To the above-named Defendant:

**COTTINGHAM & BUTLER CLAIMS SERVICES, INC.**
**800 Main Street**
**Dubuque, IA 52001**
**Timothy L. Berns Registered Agent**

      **IN THE NAME OF THE STATE OF WEST VIRGINIA**, you are hereby summoned and required to serve upon THE LAW OFFICES OF JEROME J. MCFADDEN, PLLC, plaintiff's attorney, whose address is 214 South Walker Street, Princeton, West Virginia 24740, an answer, including any related counterclaim you may have to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED this **15** day of *January*, 2019.

                                 Clerk of the Circuit Court
                                 Of McDowell County

BY: _____
                DEPUTY By Teresa Anderson

# CIVIL CASE INFORMATION SHEET
## CIVIL CASES

In the Circuit Court of McDowell, West Virginia

---

## I.    CASE STYLE:

CARL AUSBORNE,

      Plaintiff(s)

Case No.: *18-C-116*

Judge: *Nuremky*

v.

COTTINGHAM & BUTLER CLAIMS SERVICES, INC.

Defendant(s)

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

Original and 2 copies of Complaint furnished herewith.

---

## II.  TYPE OF CASE:

      (x) General Civil
      ( ) Mass Litigation

---

| | | |
|---|---|---|
| ( ) Asbestos | ( ) Adoption | ( ) Appeal from Magistrate Court |
| ( ) Professional Malpractice | ( ) Contract | ( ) Petition for Modification of Magistrate Sentence |
| ( ) Personal Injury | ( ) Real Property | ( ) Miscellaneous Civil |
| ( ) Product Liability | ( ) Mental Health | ( ) Other - Injunction |
| ( ) Other Tort | ( ) Appeal of Administrative Agency | |

III.    **Jury Demand:** (x) Yes                    ( ) No

CASE WILL BE READY FOR TRIAL BY *(month/year):*  August, 2019

---

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE
REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
() Yes ( X ) No

IF YES, PLEASE SPECIFY:

( )    Wheelchair accessible hearing room and other facilities
( )    Interpreter or other auxiliary aid for the hearing impaired
( )    Reader or other auxiliary aid for the visually impaired
( )    Spokesperson or other auxiliary aid for the speech impaired
( )    Other:  **Counsel needs hearing equipment**

---

*Attorney Name:*   *Jerome McFadden PLLC*                *Representing:*

*Firm:*   *The Law Offices Of Jerome McFadden, PLLC*
          *214 South Walker Street*                        *( x )  Plaintiff   ( )  Defendant*
          *Princeton, WV  24740*

          *(304) 425-7770*
          *jerrymcf@gmail.com*

                                                       *Signature*

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

CARL AUSBORNE,
      Plaintiff,

v.                      Civil Action No. 18-C-116

COTTINGHAM & BUTLER CLAIMS
SERVICES, INC.
      Defendant.

RECEIVED & FILED
CIRCUIT FAMILY COURT
2019 JAN 15 PM 1: 33

## AMENDED COMPLAINT

1. The plaintiff, Carl Ausborne, is a citizen and resident of McDowell

   County, West Virginia.

2. Cottingham & Butler Claims Services, Inc. is an Iowa corporation .

3. Mr. Carl Ausborne worked as an underground coal miner for MC

   Enterprises Inc. which is an underground coal mining operation located in

   McDowell County West Virginia.

4. While working as an underground coal miner on September 9, 2015, for

   MC Enterprises Inc. Mr. Ausborne was moving/ lifting belt structure when

   he felt a strain in his right thigh and a pop that felt like bees stinging. Mr.

   Ausborne  examined his leg after his shift and noticed a varicose vein

   sticking out on his right thigh and swelling of his right thigh.

1

5.     Mr. Ausborne sought treatment on September 9, 2015 at Welch

Community Hospital for his work related injury. Mr. Ausborne described

a vein which had "blown up" in his right leg. He was diagnosed with a

large varicose veins in his right thigh.

6.     Mr. Ausborne sought treatment for his work-related right thigh varicose

vein injury at Welch Community Hospital on September 9, 2015,

September 15, 2015, September 24, 2015 and October 7, 2015. On

September 15, 2015 he was placed on light duty while waiting for a

referral to a vascular surgeon regarding his work-related injury. No light

duty was available with his employer an underground coal operator and

therefore Mr. Ausborne stopped work.

7.     Mr. Ausborne filed a West Virginia Workers' Compensation claim

application which was signed by Mr. Ausborne on September 21, 2015 and

by his treating medical professional at Welch Community Hospital on

September 22, 2015.

8.     Mr. Ausborne's  West Virginia Workers' Compensation claim application

noted that Mr. Ausborne's felt a pop in his right leg while moving belt

structure while working as an underground coal miner on September 9,

2015. The claim application noted that Mr. Ausborne had suffered a

occupational injury on September 9, 2015. The occupational injury was

noted as varicose veins in Mr. Ausborne's right leg. The application

contained no other diagnosis or claim of injury. The application also noted

a referral to a vascular surgeon for treatment of the work-related

condition.

9.     In response to Mr. Ausborne's application for West Virginia workers'

compensation benefits the third-party administrator for the employer MC

Enterprises Inc,  TRISTAR Risk Management, Inc. issued an order dated

December 9, 2015 which stated in part that "Your application for benefits

filed in the above-captioned claim is approved. We have determined that

your injury occurred in the course of and as a result of covered

employment."

10.    Mr. Ausborne's West Virginia Workers' Compensation claim was

assigned Claim Number: 1850281694 and date of loss\date of injury: 9-9-

2015 by the third-party administrator TRISTAR Risk Management, Inc.

11.     TRISTAR Risk Management, Inc's authorized treatment for  Mr.

Ausborne's varicose vein injury of September 9, 2015 in the form of a right

venous duplex and a stab phlebectomy, a surgical procedure requested by

Dr. Herbert Oye to repair the varicose vein in separate claim orders both

dated December 9, 2015.

12.     TRISTAR Risk Management, Inc's paid for regular medical treatment for

Mr. Ausborne's varicose vein injury of September 9, 2015 with Dr.

Herbert Oye a vascular specialist.

13.     TRISTAR Risk Management, Inc paid for ongoing medical treatment for

Mr. Ausborne's varicose vein injury of September 9, 2015 at Welch

Community Hospital on September 15, 2015, September 24, 2015 and

October 7, 2015.

14.     TRISTAR Risk Management, Inc paid temporary total disability benefits

4

for Mr. Ausborne's varicose vein injury of September 9, 2015 from September 15, 2015 through July 25, 2016.

15.     On July 25, 2016 Cottingham & Butler Claims Services, Inc.(CBCS), became the successor third-party claims administrator for  MC Enterprises Inc. handling the workers' compensation claim of Carl Ausborne.

16.     Cottingham & Butler Claims Services, Inc.(CBCS) paid temporary total disability benefits from July 25, 2016 through October 17, 2016 based upon the workers' compensation claim application filed by Carl Ausborne contending that he had suffered a varicose vein injury on September 9, 2015.

17.     Cottingham & Butler Claims Services, Inc.(CBCS) was bound by claim decisions which were issued by its predecessor third-party claims administrator TRISTAR Risk Management, Inc. More specifically, the defendant here was bound by final claim decisions which had not been protested within 60 days under West Virginia Code §23-5-1(b)(1).

5

The defendant is also bound by prior final claim decisions under the law of the case doctrine which is applicable to administrative proceedings in West Virginia workers' compensation claims. See *Belcher v. A T Massey Coal Co.* (W. Va., 2014)No. 12-1083.

18. Mr. Ausborne filed a West Virginia Workers' Compensation claim application which was signed by Mr. Ausborne on September 21, 2015 and by his treating medical professional at Welch Community Hospital on September 22, 2015. The claim application filing is mandated and required by statutory law. The claim application contended only that Mr. Ausborne suffered an occupational injury involving varicose veins in his right leg while moving belt structure at work as an underground coal miner. The application contained no other allegations of injury. In response to Mr. Ausborne's application for West Virginia workers' compensation benefits the third-party administrator for the employer MC Enterprises Inc, TRISTAR Risk Management, Inc. issued an order dated December 9, 2015 which stated in part that "Your application for benefits filed in the above-captioned claim is approved. We have determined that your injury occurred in the course of and as a result of covered employment." The

claim order of December 9, 2015 which approved the claim application

filed and ruled the case compensable was not appealed by either party

and is a final binding order in this matter.  TRISTAR Risk Management,

Inc. also authorized a right venous duplex(as a part of the compensability

order) and a stab phlebectomy, a surgical procedure requested by Dr.

Herbert Oye to repair the varicose vein injury in separate claim order

dated December 9, 2015. Neither claims order referenced in this paragraph

was appealed and both claims orders are final and binding decisions in

Mr. Ausborne's claim.

19.      The binding claim decisions referenced in paragraph No. 18 approved as

compensable a claim application that **only** contended that the claimant

suffered a occupational injury involving varicose veins in his right leg on

September 9, 2015 and authorized treatment for the varicose vein injury in

the form of a right venous duplex and a stab phlebectomy(in a separate

order of the same date, December 9, 2015 ) as a surgical procedure to treat

the occupational varicose vein injury. Given these final binding claim

decisions, the defendant's contention that Mr. Ausborne suffered only a

Right ankle/foot sprain/strain injury or a right ankle sprain as set forth in

the defendant's claims decisions of October 21, 2016 and March 8, 2017

were not merely wrong but were legally and factually impossible and

legally impermissible. The defendant's claims decisions of October 21,

2016 and March 8, 2017 were based upon a knowingly false premise and

were fraudulent. The defendant Cottingham & Butler Claims Services,

Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa

Bahrami knew that it's claims orders of October 21, 2016 and March 8,

2017 were false and fraudulent. The defendant knew that the evidence

relied upon to issue the claims orders of October 21, 2016 and March 8,

2017 was false. The defendant continued to knowingly rely upon false

evidence by submitting it to the Office of Judges in litigation regarding the

claims orders referenced above. The false and fraudulent evidence

knowingly relied upon included the report by Dr. Syam Stoll with a date

of service of September 26, 2015 and Dr. Prasadarao Mukkamala's report

dated January 3, 2018.


20.     One cannot accept the factual and legal premise in the binding claim

decisions of September 9, 2015 referenced here (ruling the claim

application which only alleged a varicose vein occupational injury in the

8

right leg compensable and the claim order authorizing medical treatment
and surgery for the occupational varicose vein injury) and also the
contention urged by the defendant in Mr. Ausborne's workers'
compensation claim in terms of the scope of the injury i.e. that Mr.
Ausborne only suffered a Right ankle/foot sprain/strain injury or a right
ankle sprain. The defendant's representations here were false and
fraudulent.

21.    Because the defendant's arguments regarding the scope of the injury were
precluded by the binding effect of prior claims decisions as set forth in
paragraphs No. 18-20 the defendant rather than give up turned to the only
other option available to proceed which was fraud or in other words a
knowing and deliberate misrepresentation of the truth and concealment of
material facts.

22.    Cottingham & Butler Claims Services, Inc.(CBCS) engaged in a fraudulent
scheme to deny workers' compensation benefits which were rightfully
due and owing to Carl Ausborne in his West Virginia workers'
compensation claim, date of injury September 9, 2015, Claim No.

9

1850281694. The acts claimed to be fraudulent in this complaint are the

acts of the defendant Cottingham & Butler Claims Services, Inc.(CBCS),

the fraudulent acts set forth in this complaint were material and false and

Carl Ausborne suffered damages as a result of the defendant's fraudulent

acts in the form of denials of temporary total disability benefits, medical

treatment and permanent partial disability benefits as well as lengthy

delays in the payment such benefits after being forced to litigate the

defendant's fraudulent claims and contentions. Carl Ausborne was left

unable to work as a result of his compensable injuries and as a result of

the defendant's fraudulent conduct he was without any income

replacement or benefits otherwise properly due in a workers'

compensation claim or any compensated medical treatment for his

compensable injuries for more than a year. As a result of the defendant's

fraudulent conduct the plaintiff and his family were left in near destitute

conditions, unable to consistently pay utilities, pay for gas/ transportation

and absent charitable contributions were unable to pay for food.  The

defendant knowingly relied upon false information contained in the

report of  Dr. Stoll with a date of service of September 26, 2016 as a basis

to issue claim orders of  October 21, 2016 and March 8, 2017 which denied

workers' compensation benefits that were properly due in the claim. The defendant also engaged in ongoing fraud by wrongfully maintaining that the claim decision of October 21, 2016 and March 8, 2017 were correct which included but is not limited to submitted fraudulent evidence to the Office of Judges in support of their prior fraudulent denial of temporary total disability benefits, permanent partial disability benefits and medical benefits set forth in their claims orders of October 21, 2016 and March 8, 2017. This evidence included reports of Dr. Stoll with a date of service of September 26, 2016 and Dr. Mukkamala's report of January 3, 2018 which are referenced and described in more detail in this complaint. The defendant sought and intended the reliance upon their false and fraudulent evidence by their own claims representative Lisa Bahrami and by the West Virginia Workers' Compensation Office of Judges.

23. In a claims order dated October 21, 2016 Cottingham & Butler Claims Services, Inc.(CBCS) suspended temporary total disability benefits and awarded no permanent partial disability benefits in Carl Ausborne's workers compensation claim. The denial of benefits was based upon a medical report from Dr. Syam Stoll who had examined Mr. Ausborne at

11

the direction of Cottingham & Butler Claims Services, Inc.(CBCS) on

September 26, 2016.

24.     Dr. Stoll's report , was undated but based upon an exam of the plaintiff of

September 26, 2016 and a review of limited number of records provided

by Cottingham & Butler Claims Services, Inc.(CBCS). The report,

contended that the accepted compensable diagnosis in the claim was a

Right ankle/foot sprain/strain injury. On this basis Dr. Stoll concluded that

Mr. Ausborne had reached his maximum degree of medical improvement

and was entitled to no permanent partial disability regarding the alleged

Right ankle/foot sprain/strain injury and was entitled to no additional

medical treatment.

25.     More specifically, Dr. Stoll's report observed that the claimant was

entitled to no additional temporary total disability benefits noting in part

that "Yes, in my medical opinion the claimant is at maximum medical

improvement (MMI) for the accepted compensable diagnosis in this claim

which is Right ankle/foot sprain/strain injury." Dr. Stoll indicated that his

permanent partial disability exam only addressed the alleged

12

Right ankle/foot sprain/strain injury. "I have consulted the AMA Guides

to the Evaluation of Permanent Impairment 4th Edition to formulate an

impairment for the following compensable injuries in this claim: Right

ankle and foot sprain/strain injury." Dr. Stoll noted that no permanent

partial disability benefits were due the claimant based on the purported

Right ankle/foot sprain/strain injury observing that "In summary the

claimant is awarded 0% WPI for the compensable injuries in this claim

from 9/09/2015. Therefore, it is my medical opinion that claimant did not

sustain any permanent impairment in regards to the accepted

compensable diagnosis in this claim." Dr. Stoll observed that the claimant

was "well outside the Rule 20 treatment guidelines" for foot and ankle

injuries and therefore was entitled to no additional medical treatment. In

commenting on the claimant's ability to return to work Dr. Stoll noted

"Yes, in my medical opinion, the claimant is at MMI and can return to full

duty in regards to the right ankle and foot sprain/strain injury he

sustained on 9/12/2015."


26.      Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically

its Sr. Casualty Claims Specialist Lisa Bahrami were aware both before

13

and after Dr. Stoll's report and exam of September 26, 2016 that Dr. Stoll's

representations that a Right ankle/foot sprain/strain injury was the

accepted compensable diagnosis in the claim were false.

27.    Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami were aware before October 21,

2016 that no claims order was ever entered in the workers' compensation

claim at any point before Dr. Stoll's examination of September 26, 2016

which accepted a Right ankle/foot sprain/strain injury as a or the

compensable diagnosis in the claim.

28.    Cottingham & Butler Claims Services, Inc.(CBCS)  and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami were  aware  before October

21, 2016 that no treating physician in the workers' compensation claim

ever requested that a diagnosis of a Right ankle / foot sprain/strain injury

be added as a compensable or accepted condition in the claim.

29.    Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami were aware  before October

14

21, 2016  that the workers' compensation claim application filed by Mr.

Ausborne, which was approved and ruled compensable in a claims order

dated December 9, 2015 by TRISTAR Risk Management, Inc.,  did not

contend that he had suffered a Right ankle / foot sprain/strain injury but

only contended that he had an occupational injury involving varicose

veins in his right leg.

30.    Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami were aware  before October

21, 2016 that the plaintiff Carl Ausborne never claimed that he had

suffered a Right ankle / foot sprain/strain injury on September 9, 2015.


31.    Cottingham & Butler Claims Services, Inc.(CBCS) was aware before

October 21, 2016 that TRISTAR Risk Management, Inc had authorized

treatment for the Mr. Ausborne's varicose vein injury of September 9, 2015

in the form of a right venous duplex and a stab phlebectomy, a surgical

procedure requested by Dr. Herbert Oye to repair the varicose vein in

separate claim orders both dated December 9, 2015.  Cottingham & Butler

Claims Services, Inc.(CBCS) therefore was  plainly and obviously aware

that the Right ankle / foot sprain/strain injury could not be the only

accepted compensable diagnosis in the claim and indeed was not an

accepted compensable diagnosis at all. The medical treatment at issue here

including the right venous duplex and a stab phlebectomy would only be

authorized and could only be authorized pursuant to W. Va. Code

§23-4-3(a)(1) if the occupational injury involving varicose veins set forth in

the approved claim application filed by Mr. Ausborne had been deemed

to be compensable.

32.   Cottingham & Butler Claims Services, Inc.'s(CBCS) fraudulent scheme to

deny Carl Ausborne workers' compensation benefits that he was

rightfully due was straightforward: the defendant created a strawman by

falsely and fraudulently claiming that Carl Ausborne had only suffered a

compensable injury (Right ankle/foot sprain/strain injury) which never

occurred and which Carl Ausborne never contended occurred. The

defendant created and relied upon false and fraudulent evidence from Dr.

Stoll in his report with a date of service of September 26, 2016 which

alleged Mr. Ausborne had only suffered an accepted compensable injury

involving a (Right ankle/foot sprain/strain injury). The injury (Right

ankle/foot sprain/strain injury) was never an accepted compensable condition in the claim and that alleged injury never occurred. An injury which never occurred (Right ankle/foot sprain/strain injury) on September 9, 2015 necessarily would result in no medical findings and in no benefits being due to Mr. Ausborne.

33.    The plaintiff avers that Cottingham & Butler Claims Services, Inc.'s(CBCS) fraudulently withheld documents from Dr. Stoll. More specifically, according to Dr. Stoll's report he was not provided with a copy of TRISTAR Risk Management, Inc.  order dated December 9, 2015 which held Mr. Ausborne's workers' compensation claim compensable in response to a claim application which only alleged an occupational injury involving varicose veins to Mr. Ausborne's right leg.

34.     The plaintiff avers that Cottingham & Butler Claims Services, Inc.'s(CBCS) fraudulently withheld additional documents from Dr. Stoll. More specifically, according to Dr. Stoll's report he was not provided with a copy of TRISTAR Risk Management, Inc. claim order dated December 9, 2015 which authorized a stab phlebectomy, a surgical procedure requested

17

by Dr. Herbert Oye to repair the varicose vein injury that had been injured on September 9, 2015.

35.   TRISTAR Risk Management, Inc.'s claim order of December 9, 2015 which authorized a stab phlebectomy to treat the claimant's varicose vein injury could only have been authorized by the third-party claims administrator after the varicose vein injury of September 9, 2015  had been accepted as compensable in Mr. Ausborne's workers' compensation claim pursuant to W. Va. Code §23-4-3(a)(1).

36.   Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa Bahrami issued a claims order dated March 8, 2017 which continued to maintain that the claim was held compensable for only a right ankle strain.  Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its Sr. Casualty Claims Specialist Lisa Bahrami knew that the representations made in the March 8, 2017 claims order referenced above were false.

37.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 was issued  that: no claims order was ever

entered in the workers' compensation claim at any point before Dr. Stoll's

examination of September 26, 2016 which accepted a Right ankle/foot

sprain/strain injury or a right ankle strain as a or the compensable

diagnosis in the claim.

38.     Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 was issued that TRISTAR Risk

Management, Inc had authorized treatment for the Mr. Ausborne's

varicose vein injury of September 9, 2015 in the form of a right venous

duplex and a stab phlebectomy, a surgical procedure requested by Dr.

Herbert Oye to repair the varicose vein in separate claim orders both

dated December 9, 2015.  Cottingham & Butler Claims Services,

Inc.(CBCS) and its Sr. Casualty Claims Specialist Lisa Bahrami  therefore

were plainly and obviously aware that the Right ankle / foot sprain/strain

injury or right ankle sprain referenced in the March 8, 2017 claims order

19

could not be the only accepted compensable diagnosis in the claim and

indeed was not an accepted compensable diagnosis at all. The medical

treatment at issue here including the right venous duplex and a stab

phlebectomy would only be authorized and could only be authorized

pursuant to W. Va. Code §23-4-3(a)(1) if the occupational injury involving

varicose veins set forth in the approved claim application filed by Mr.

Ausborne had been deemed to be compensable.


39.   Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 that no treating physician in the workers'

compensation claim ever requested that a diagnosis of  Right ankle / foot

sprain/strain injury or right ankle sprain be added as a compensable or

accepted condition in the claim.


40.   Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 that the workers' compensation claim

application filed by Mr. Ausborne, which was approved and ruled

compensable in claims order dated December 9, 2015 by TRISTAR Risk

Management, Inc.,  did not contend that he had suffered a Right ankle /

foot sprain/strain injury or a right ankle strain but only contended that he

had an occupational injury involving varicose veins in his right leg.


41.    Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of March 8, 2017 that the plaintiff Carl Ausborne never

claimed that he had suffered a Right ankle / foot sprain/strain injury or

right ankle strain on September 9, 2015.


42.    Cottingham & Butler Claims Services, Inc.(CBCS) and more specifically its

Sr. Casualty Claims Specialist Lisa Bahrami knew both before and after the

claims order of October 21, 2016 and March 8, 2017 that the

contemporaneous treatment records from Welch Community Hospital

dated September 9, 2015, September 15, 2015, September 24, 2015 and

October 7, 2015 following the plaintiff's work injury of September 9, 2015

did not indicate that the plaintiff reported, provided a history of or was

diagnosed with any  Right ankle / foot sprain/strain injury or right ankle

21

strain which was alleged to have occurred on September 9, 2015. The

defendant was in possession of the plaintiff's medical records from Welch

Community Hospital referenced above before the claims order of October

21, 2016 and March 8, 2017 were issued.

43.   Cottingham & Butler Claims Services, Inc.(CBCS) engaged in fraudulent

conduct base upon their ongoing reliance on reports containing false

information more specifically Dr. Prasadarao Mukkamala's report dated

January 3, 2018 which was relied upon and submitted to the West Virginia

Office of Judges regarding a claimant's protest to the claims order dated

October 21, 2016. The report was also submitted in support of a claims

order dated March 8, 2017 which denied updated medical conditions in

the claim which included a diagnosis of  varicose veins of the right leg

with inflammation. The claimant protested both orders.

44.   Dr. Prasadarao Mukkamala's report of January 3, 2018 contended that

"The description of that incident indicates that there was no isolated

22

fortuitous event that could even be listed as an injury". The report
indicated that the varicose veins were pre-existing and that there was no
compensable injury. The report noted that,"... As it relates to varicose
veins there was no occupational injury.."

45.    Cottingham & Butler Claims Services, Inc.(CBCS)  engaged in fraudulent
conduct which includes but is not limited to their ongoing reliance on
Dr. Prasadarao Mukkamala report of January 3, 2018 which was
submitted to the West Virginia Office of Judges with the understanding
that it was false and with the understanding that the ongoing reliance on
said report was designed to deny Carl Ausborne workers' compensation
benefits that he otherwise properly entitled to.

46.    Cottingham & Butler Claims Services, Inc.(CBCS) was aware that Dr.
Prasadarao Mukkamala report of January 3, 2018 contended that "The
description of that incident indicates that there was no isolated fortuitous
event that could even be listed as an injury" was false.  At the time Dr.
Mukkamala made this statement the defendant knew that the claim has
already been ruled compensable in a final and binding claim order.

23

47.    Cottingham & Butler Claims Services, Inc.(CBCS) was aware at or before

the time that they relied upon and submitted Dr. Mukkamala's report to

the Office of Judges that Carl Ausborne workers' compensation claim had

already been ruled compensable . The defendant was aware that

TRISTAR Risk Management, Inc. issued an order dated December 9, 2015

which stated in part that "Your application for benefits filed in the above-

captioned claim is approved. We have determined that your injury

occurred in the course of and as a result of covered employment.". The

December 9, 2015 claims order was never protested, withdrawn or

amended and it remained a valid binding order in the case both before

and after the reliance by the defendant upon and submission of Dr.

Mukkamala's report to the West Virginia Office of Judges on January 3,

2018.


48.    The plaintiff avers that the claims order of December 9, 2015 holding the

claim compensable was fraudulently withheld from Dr. Mukkamala by

the defendant Cottingham & Butler Claims Services, Inc.(CBCS). The

defendant knew that they had failed to provide the order of December 9,

2015 and knew that Dr. Mukkamala was making representations in his

January 3, 2018 report about the claim being non-compensable as a result

of allegations that there had been no definite isolated fortuitous

occurrence which were false, fraudulent, untenable, improper and given

the law of the case were legally impermissible.

49.     The plaintiff avers that the complete claim application, including the

completed portion of section 2 of the form was fraudulently withheld

from Dr. Mukkamala by the defendant Cottingham & Butler Claims

Services, Inc.(CBCS). The defendant knew that they had failed to provide

this information and that Dr. Mukkamala was making representations in

his January 3, 2018 report which were false. In fact, the fully completed

claim application was in the defendant's possession before the drafting

and submission of Dr. Mukkamala's report of January 3, 2018. Cottingham

& Butler Claims Services, Inc.(CBCS) knew that a fully completed claim

application which contained only the allegation that the claimant had

suffered a varicose vein injury as a result of his work-related injury

September 9, 2015 had already been ruled compensable in a claims order

dated,  December 9, 2015  By  TRISTAR Risk Management, Inc. the prior

third-party claims administrator in the case.

50.     Cottingham & Butler Claims Services, Inc.(CBCS) directed Carl Ausborne
        to attend a medical exam with Dr. Syam B. Stoll on September 26, 2016 in
        his West Virginia Worker's Compensation claim.

51.     Whether Dr. Stoll and Dr. Mukkamala were misled by documents which
        were withheld by the defendant or otherwise misled by the defendant or
        whether the physicians were willing to offer false evidence irrespective of
        what documents or information they received is unknown. However, the
        plaintiff avers that the defendant knew that reports produced by Dr. Stoll
        with a date of service of September 26, 2016  and Dr. Mukkamala's report
        of January 3, 2018  in this matter were false irrespective of the physician's
        knowledge or motives.

52.     Cottingham & Butler Claims Services, Inc.(CBCS) ongoing reliance upon
        and submission of Dr. Mukkamala's report of January 3, 2018 to the West
        Virginia Office of Judges were fraudulent.  Cottingham & Butler Claims

Services, Inc.(CBCS) knew that a claim application which contained only

the allegation that the claimant had suffered a varicose vein injury as a

result of his work-related injury September 9, 2015 had already been ruled

compensable in a claims order dated, December 9, 2015 By TRISTAR

Risk Management, Inc. the prior third-party claims administrator in the

case. The claims order of December 9, 2015 had never been protested,

withdrawn or corrected and remained the law of the case. Cottingham &

Butler Claims Services, Inc.(CBCS) efforts to reargue the compensability of

the claim application in this matter was false and fraudulent.


53.     Cottingham & Butler Claims Services, Inc.(CBCS) and its  Sr. Casualty

Claims Specialist Lisa Bahrami knowingly and intentionally relied upon

information that the defendant knew to be false in a report from Dr. Syam

Stoll with a date of service of September 26, 2016,  and based upon that

reliance issued two claim orders dated October 21, 2016 and March 8, 2017

which denied the claimant permanent partial disability, temporary total

disability and medical benefits in his West Virginia workers'

compensation claim that he was properly due. The defendant's actions

were not only in opposition to the employee's claim, but are and were

made and undertaken with the intention of depriving the plaintiff/

employee of benefits rightfully due him.

54.    The false statements and misrepresentations in Dr. Syam Stoll's report

with a date of service of September 26, 2016 include but are not limited to

the false claim that Carl Ausborne had suffered a Right ankle/foot

sprain/strain injury and only a Right ankle/foot sprain/strain injury  in his

work related injury of September 9, 2015.

55.    Cottingham & Butler Claims Services, Inc.(CBCS) and its  Sr. Casualty

Claims Specialist Lisa Bahrami knew that Dr. Syam Stoll's report with a

date of service of September 26, 2016 contained false information namely

that the plaintiff had suffered a  Right ankle/foot sprain/strain injury  or

had only suffered a  Right ankle/foot sprain/strain injury  on September 9,

2015 which are more fully referenced in this complaint

56.    Cottingham & Butler Claims Services, Inc.(CBCS) and its  Sr. Casualty

Claims Specialist Lisa Bahrami knowingly and intentionally relied upon

information that the defendant knew to be false in a report from Dr.

Mukkamala's report of January 3, 2018 . The defendant relied upon Dr.

Mukkamala's report of January 3, 2018 to continue to fraudulently

maintain that the plaintiff was not due permanent partial disability,

temporary total disability and medical benefits for a varicose vein injury

in claims order dated October 21, 2016 and March 8, 2017. The defendant's

actions were not only in opposition to the employee's claim, but are and

were made and undertaken with the intention of depriving the plaintiff/

employee of benefits rightfully due him.


57.   The defendant engaged in ongoing fraud by its ongoing reliance and

submission of Dr. Mukkamala's report to the West Virginia Office of

Judges on or about January 3, 2018 in support of their October 21, 2016

and March 8, 2017 claims orders. Dr. Mukkamala contended that the

plaintiff's claim was not compensable based upon a failure to show a

definite isolated fortuitous occurrence. The defendant knowingly relied

upon this false information contained within Dr. Mukkamala's report of

January 3, 2018. The defendant was aware that the claim had been ruled

29

compensable in a claims order dated December 9, 2015 and that the

compensability order had not been protested and was binding upon the

defendant and that to continuing to argue that the claim was not

compensable as a basis to deny permanent partial disability, temporary

total disability benefits., medical or other benefits was a reliance on

information that the defendant knew or should reasonably have known

was false and improper.

58.   The defendant's fraudulent misrepresentations concerning the employee's

workers' compensation claim and knowingly and intentionally reliance

upon information that the defendant knew to be false resulted in

fraudulent acts by the defendant which were substantial, outrageous and

reprehensible and resulted in conduct which falls outside of the

permissible boundary of protected behavior under the statute.

59.   The plaintiff brings this claim pursuant to the cause of action recognized

in *Persinger v. Peabody Coal Co.*, 474 S.E.2d 887, 196 W.Va. 707 (W. Va.,

1996).

60.   The defendant's actions as described in this complaint were willful, wanton, undertaken with malice, or other like aggravation in the wrongs directed at the plaintiff and would warrant the imposition of punitive damages.

61.   As a direct and proximate result of the fraudulent acts of Cottingham & Butler Claims Services, Inc.(CBCS) and reliance by the defendant on information that the defendant knew to be false  the plaintiff has suffered damages including:

- mental pain and suffering, emotional distress, mental anguish, indignity, embarrassment, humiliation, aggravation, annoyance and inconvenience,

- attorneys fees,

- punitive damages.

- improper and fraudulent denials and delays in the payment of workers' compensation benefits which were properly due and owing to the plaintiff.

Wherefore, the plaintiff demands judgment against the defendant in an amount

31

that will fully and fairly compensate him for the losses incurred in this matter.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

CARL AUSBORNE, Plaintiff,

BY COUNSEL:

JEROME J. MCFADDEN, Esquire
WV State Bar ID No.: 4608
LAW OFFICES OF JEROME MCFADDEN, PLLC
214 South Walker Street
Princeton, West Virginia 24740
Telephone: (304) 425-7770

RECEIVED & FILED
CIRCUIT FAMILY COURT
2019 JAN 15  PM 1:33
FRANCINE SPENCER, CLERK
MCDOWELL COUNTY, WV

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

CARL AUSBORNE,
      Plaintiff,

v.                        Civil Action No. 18-C-116

COTTINGHAM & BUTLER CLAIMS
SERVICES, INC.
      Defendant.

**PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION
AND REQUEST FOR ADMISSIONS TO DEFENDANT**

The plaintiff, submits the following interrogatories, requests for productions and request for

admissions to the defendant to be answered within thirty(45) days under oath pursuant to Rule

26, 33, 34 and 36 of the West Virginia Rules of Civil Procedure.

**INTERROGATORIES**

1.    Please state the name, business address, employer and job title all persons who issued or
in any way participated in issuing the claim order dated October 21, 2016 issued by the
defendant in the plaintiff's West Virginia workers' compensation claim, Claim No.
1850281694 DOI: 9/9/2015.

      ANSWER:

2.    Please state the name, business address, employer and job title all persons who issued or

in any way participated in issuing the claim order dated March 8, 2017 issued by the defendant in the plaintiff's workers' West Virginia compensation claim, Claim No. 1850281694 DOI: 9/9/2015.

ANSWER:

3.    If you possess any documents regarding Carl Ausborne that are not contained within your workers' compensation claim file please state the name of the file containing any such documents, the location of such files or documents and the name, business address, employer and job title of the person or persons who are in possession of such documents or files.

ANSWER:

4.    Please state the first date that the defendant received the claims order dated December 9, 2015 which approved the application for benefits in the plaintiff's West Virginia workers' compensation claim, Claim No. 1850281694 DOI: 9/9/2015 and which is attached as Ex. No. 1

ANSWER:

5.    Please state the first date that the defendant received the claims order dated December 9, 2015 which approved treatment for a stab phlebectomy right leg in the plaintiff's West Virginia workers' compensation claim, Claim No. 1850281694 DOI: 9/9/2015 and which is attached as Ex. No. 2.

ANSWER:

6.    Please state the first date that the defendant received the application for benefits in the plaintiff's West Virginia workers' compensation claim, Claim No. 1850281694 DOI: 9/9/2015 and which is attached as Ex. No. 3.

ANSWER:

7.    Did you receive claim file documents or other documents from TRISTAR Risk Management, Inc. regarding the plaintiff's West Virginia Workers' Compensation claim

of Carl Ausborne, Claim No. 1850281694, DOI: 9/9/2015? If so please state the name, business address, employer and job title all persons who provided the documents. Please state the method by which the documents were transmitted to you including the date the documents were provided to you. If known, please provide the present business address for any person who provided the claim file documents or other documents from TRISTAR Risk Management, Inc. to the defendant.

8.    Please state the name, business address, employer and job title all persons employed by or agents of the defendant who received documents from TRISTAR Risk Management, Inc. regarding the plaintiff's West Virginia Workers' Compensation claim of Carl Ausborne, Claim No. 1850281694, DOI: 9/9/2015 and provide the date that you received the documents.


ANSWER:


## REQUESTS FOR PRODUCTION OF DOCUMENTS


1.    Please produce the entire claim file for the West Virginia Workers' Compensation claim of Carl Ausborne, Claim No. 1850281694, DOI: 9/9/2015.

RESPONSE:


2.    Please produce all documents in your possession regarding Carl Ausborne.


RESPONSE:


3.    Please produce all documents received by the defendant from TRISTAR Risk Management, Inc. regarding Carl Ausborne.


RESPONSE:


4.    Please produce all documents provided by the defendant to Dr. Syam Stoll regarding Carl Ausborne.

RESPONSE:


5.    Please produce all documents reflecting or memorializing any communication between

the defendant and Dr. Syam Stoll regarding Carl Ausborne.

RESPONSE:

5.     Please produce all documents provided by the defendant to Dr. Prasadarao Mukkamala before the production of his report of January 3, 2018.

RESPONSE:

6.     Please produce all documents provided by the defendant to Genex Services, LLC regarding Carl Ausborne.

RESPONSE:

7.     Please produce all documents received by the defendant from Genex Services, LLC regarding Carl Ausborne.

RESPONSE:

## REQUEST FOR ADMISSIONS

1.     Please admit that Carl Ausborne suffered a compensable occupational injury on September 9, 2015 while employed as an underground coal miner for MC Enterprises Inc.

RESPONSE:

2.     Please admit that Carl Ausborne filed an application for compensation which contended that he had suffered an occupational injury on September 9, 2015 described as varicose veins in his right leg.

RESPONSE:

3.   Please admit that Carl Ausborne's application for compensation did not contend that he had suffered a right ankle sprain.

RESPONSE:

4.   Please admit that Carl Ausborne's application for compensation did not contend that he had suffered a right ankle strain.

RESPONSE:

5.   Please admit that Carl Ausborne's application for compensation did not contend that he had suffered a right foot sprain.

RESPONSE:

6.   Please admit that Carl Ausborne's application for compensation did not contend that he had suffered a right foot strain.

RESPONSE:

6.   Please admit that Carl Ausborne sought treatment at Welch Community Hospital on September 9, 2015 as a result of his occupational injury of September 9, 2015.

RESPONSE:

7.   Please admit that Carl Ausborne provided no history or report of a right ankle sprain while treated at Welch Community Hospital on September 9, 2015.

RESPONSE:

8.   Please admit that Carl Ausborne provided no history or report of a right ankle strain while treated at Welch Community Hospital on September 9, 2015.

RESPONSE

9.    Please admit that Carl Ausborne provided no history or report of a right foot sprain while treated at Welch Community Hospital on September 9, 2015.

       RESPONSE

10.   Please admit that Carl Ausborne provided no history or report of a right foot strain while treated at Welch Community Hospital on September 9, 2015.

       RESPONSE


                                        CARL AUSBORNE, Plaintiff,

                                        BY COUNSEL:


JEROME J. MCFADDEN, Esquire
WV State Bar ID No.: 4608
LAW OFFICES OF JEROME MCFADDEN, PLLC
214 South Walker Street
Princeton, West Virginia 24740
Telephone: (304) 425-7770



**TRISTAR**
RISK MANAGEMENT

December 9, 2015

CARL AUSBORNE
PO BOX 204
KIMBALL WV 24853

RECEIVED & FILED
CIRCUIT FAMILY COURT
2019 JAN 15  PM 1:32
FRANCINE SPENCER, CLERK
MCDOWELL COUNTY, WV

RE:   Claim Number:   1850281694
      Insured:        MC ENTERPRISE INC
      Claimant:       CARL AUSBORNE
      Date of Loss:   9/9/2015

Dear Mr. Ausborne:

As you are aware, TRISTAR Risk Management is the Third Party Administrator for MC Enterprise Inc
in the administration of their Workers' Compensation claims.
Your application for benefits filed in the above-captioned claim is approved. We have determined that your injury occurred in
the course of and as a result of covered employment.
Your claim is allowed for right venous duplex.
You are eligible for temporary total disability compensation benefits, your medical bills will be processed if related to the
allowed conditions in this claim.
Any party to this claim may protest this order within 60 days from the date you receive this letter. You must send a written
protest, along with a copy of this order, to the Office of Judges, P.O. Box 2233, Charleston, WV 25328-2233. Copies must
also be sent to all other parties in the claim.

Sincerely,

Kathleen A Zilles
Sr. Claim Adjuster
215-592-5000 x 3416

C: MC Enterprise
   Attn  Rosie Ritchie
   P O Box 1916
   Willaimson, WV  25661



**EXHIBIT**

Ex. No. 1

FR02

PO Box 2805 Clinton, IA 52733-2805



**TRISTAR**
- 54 MANAGEMENT

December 9, 2015

RECEIVED & FILED
CIRCUIT FAMILY COURT
2019 JAN 15 PM 1:32
FRANCINE SPENCER, CLERK
MCDOWELL COUNTY, WV

CARL AUSBORNE
PO BOX 204
KIMBALL WV 24853

RE:  Claim Number:  1850281694
     Insured:       MC ENTERPRISE INC
     Claimant:      CARL AUSBORNE
     Date of Loss:  9/9/2015

Dear Mr. Ausborne:

We are authorized to assist MC Enterprises Inc in regard to their workers compensation program.
We are in receipt of a request from Dr. Oye dated 11/25/2015 requesting surgery for stab phlebectomy. . Please be advised
that we approved this request for stab phlebectomy right leg.

Any party to this claim may protest this order within 60 days from the date you receive this letter. You must send a written
protest, along with a copy of this order, to the Office of Judges, P.O. Box 2233, Charleston, WV 25328-2233. Copies must
also be sent to all other parties in the claim.

Very Truly Yours,

Sincerely,

Kathleen A Zilles
Sr. Claim Adjuster
215-592-5000  x 33416

C:  MC Enterprise  Attn: Rosie Ritchie  P O Box 1916  Williamson, WV 25661
    Dr. Oye's office  via fax  304-255-3604



EXHIBIT
tabbies
*Ex. No. 2*

FR02

PO Box 2805 Clinton, IA 52733-2805

11/10/2015   09:26      304-436-3389              WCH FILE                          PAGE   02/55

Form OIL-WC-1

West Virginia Workers' Compen...

**Employees' and Physicians' Report of Occupation...**

PLEASE PRINT OR TYPE

| Insurer: | Third-Party Administrator: |
|---|---|

| 1. Name: (Last) AUSBORNE | (First) CARL | (M.I.) |
|---|---|---|

| 2. Address: PO BOX 204 | 3. Telephone: ( 304 ) 888 - 9925 |
|---|---|
| City: KIMBALL   State: WV   Zip: 24853 | 4. Social Security No.: |
| 5. Date of Birth: ⬛   6. Sex: ☒ M   ☐ F | 7. Marital Status: |

8. Date of Injury or Last Exposure: 09/09/2015   Time:   ☐ a.m. ☐ p.m.   9. Time You Began Work on Date of Injury: 11:00 ☐ a.m. ☒ p.m.

10. Date You Stopped Working Due to Injury: 09/09/2015

12. Employer's Name: SUPERIOR COAL SERVICES

Address:

City:   State:   Zip:   Telephone: ( 304 ) 8__ - __

13. Job Title/Description: UNDERGROUND MINER

14. Body Part(s) Injured: RIGHT LEG INJURY-

15. Describe How Your Injury Occurred (Specify the cause, what you were doing, and equipment/objects involved):

Was Moving Belt & Stuchure Felt smething pop in Right Leg did not realize...

16. Did Injury Occur on Employer's Property? ☒ Yes   ☐ No   Address where injury occurred:

17. Please Identify Any Witnesses to Your Injury: NONE

I certify that the above is true and correct to the best of my knowledge. I am aware the law provides for severe penalties if I knowingly and with fraudulent intent withhold facts or make false statements in order to obtain or increase benefits to which I am not entitled. By signing this application, I hereby authorize any physician, chiropractor, surgeon, practitioner or other healthcare provider, any hospital, including Veterans' Administration or governmental hospital, and medical service organization, any insurance company, any law enforcement or military agency, any government benefit agency including the Social Security Administration, or any other institution or organization to release to each other, any physical or other information, including benefits paid or payable, pertinent to this injury or disease, except information relative to the diagnosis, treatment and/or concerning HIV/AIDS, psychological conditions, and/or alcohol or substance abuse, for which I must give specific authorization. A Photostat of this authorization shall be as valid as the original.

Employee's Signature: [signature]   Date: 9 / 21 / 15

| 1. Name of Physician/Hospital: Welch Community Hospital | 2. FEIN/Social Security No.: |
|---|---|

3. Address: 454 McDowell Street

City: Welch   State: WV   Zip: 24801   Telephone: ( 304 ) 436 - 7902

4. Date of Initial Treatment: 9 / 9 / 15   5. Date Patient May Return to Work: 9 / 10 / 15

6. Have you advised the patient to remain off work 4 or more days?
☐ Yes. Indicate dates: from   to
☒ No. If "no," is the patient capable of ☐ Full Duty   ☐ Modified Duty   If the patient is capable of returning to modified duty, specify any limitations/restrictions:

7. Condition is a direct result of: ☒ Occupational Injury?   ☐ Occupational Disease?   ☐ Non-Occupational Condition?

8. Did this injury aggravate a prior injury/disease? ☐ Yes ☒ No. If Yes, explain:

9. Description of injury or occupational disease: Varicose Veins

10. Body part(s) injured: ® Leg   11. ICD9-CM Diagnosis Code(s) in order of severity: 454.9   E927.8

12. Name of physician referred to: Vascular Surgeon   13. If the patient was hospitalized, where? n/a

I certify that the above is true and correct. I am aware the law provides for severe penalties for any person who knowingly... administration of services provided thereunder. I understand the submission of false statements or billing may result in prosecution under state and federal law. I further agree to release any office notes/test results immediately to the employer or their representative.

Signature: [signature]   Date: 9 / 22 / 15

EXHIBIT
Ex. No. 3